USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In Re: MF Global Holdings Ltd.                                   :
                                                                 :
                                          Debtor.                :    1:17-cv-167-GHW
-----------------------------------------------------------------X
                                                                 :    MEMORANDUM OPINION
Michelle Y. Coe,                                                 :         AND ORDER
                                                                 :
                                       Appellant,                :
                                                                 :
                    v.                                           :
                                                                 :
MF Global Holdings Ltd.                                          :
  *as Plan Administrator*,                                       :
                                                                 :
                                       Appellee.                 :
-----------------------------------------------------------------:
                                                                 X

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

Appellant Michelle Coe, proceeding *pro se*, appeals a number of bankruptcy court orders entered in this Chapter 11 proceeding. For the reasons stated below, this appeal is dismissed without prejudice.

## II. DISCUSSION

Federal Rule of Bankruptcy Procedure 8009(a) provides that an

> appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . . within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered.

Fed. R. Bankr. P. 8009(a). Appellant's notice of appeal was docketed by the bankruptcy court on January 3, 2017, which meant that by operation of Rule 8009, Appellant's Designation and Statement were due by January 17, 2017. Appellant did not filer her Designation and Statement by that date, however.

On February 8, 2017, the Court ordered Appellant to show cause no later than February 17, 2017 as to why this appeal should not be dismissed for failure to comply with Federal Rule of Bankruptcy Procedure 8009(a). Dkt. No. 2. Appellant did not respond to the Court's order to show cause by the deadline provided in that order, nor, to date, has Appellant filed the Designation and Statement required by Rule 8009(a) or requested an extension of time in which to do so.

Rule 8003(a)(2) of the Federal Rules of Bankruptcy Procedure permits a district court to "act as it considers appropriate, including dismissing the appeal," where an appellant "fail[s] to take any step other than the timely filing of a notice of appeal." The Second Circuit has made clear that "[f]iling a Designation and Statement is mandatory," and that a late filing will only be accepted if the appellant demonstrates that the "failure to act was the result of excusable neglect" within the meaning of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure. *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005). Moreover, "a bankruptcy appeal cannot proceed without a Designation and Statement. If a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end." *Id.* at 605; *accord Helen-Mays Holdings, LLC v. Geltzer*, 2013 WL 12080931, at *2 (S.D.N.Y. Dec. 6, 2013) ("[S]hould a party fail to timely file a designation and statement *and* fail to meet the conditions of Rule 9006(b)(1), it is not allowed to file its designation and statement, and its appeal cannot proceed.") (quotation marks and brackets omitted) (quoting *Lynch*, 430 F.3d at 603), *aff'd sub nom. In re Kollel Mateh Efraim, LLC*, 582 F. App'x 61 (2d Cir. 2014).

In this case, Appellant did not file the Designation and Statement required by Rule 8009(a) in a timely manner, and did not make any submission in response to the Court's order to show cause. Under the circumstances, where Appellant has failed to comply with the clear dictates of Rule 8009, the Court concludes that dismissal of this appeal is warranted. *Cf. Andruzzi v. Pryor*, 2007 WL 1100784, at *3 (E.D.N.Y. Apr. 4, 2007) (dismissing bankruptcy appeal for failure to "timely serve a designation and statement of the issues").

## III. CONCLUSION

This bankruptcy appeal is dismissed without prejudice. The Clerk of Court is directed to close this case.

The Clerk of Court is further directed to mail a copy of this order to Appellant by certified mail.

SO ORDERED.

Dated: February 23, 2017  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge